**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------------X
SHARI EVERTON,                              :   Case No: 1:15-cv-00244-L-LDA
                                            :
        Plaintiff,                         :
  v.                                        :
                                            :
HOST INTERNATIONAL, INC.,                   :
                                            :
        Defendant.                         :
                                            :
                                            :
---------------------------------------------------------X

**DEFENDANT'S REPLY**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.**    **INTRODUCTION**

    The parties agree that to establish willfulness the plaintiff must establish not simply that the defendant violated the Fair Labor Standards Act ("FLSA"), or even that it did so negligently, but that the claimed violation was either reckless or intentional. *McLaughlin v. Richard Shoe Co.*, 486 U.S. 128, 133 (1988). They further agree that under *Iqbal* and *Twombly* the allegations of the complaint must allege facts that would support a finding of intentional or reckless misconduct. Moreover, they agree that at least one federal court has found, on a complete record, that Host's classification of an assistant manager like Everton was correct as a matter of law, negating any contention that Host intentionally or recklessly acted illegally by doing so.

    Rather than address these issues of law, Everton, in a brief rich in rhetoric, simply recounts in detail things that the FLSA does not require. Because allegedly not doing things a statute does not require does not establish recklessness, Everton's complaint should be dismissed because she is out of time to assert non-willful claims.

**II.     REPLY ARGUMENT**

    **A.     The Case Law Cited by Plaintiff is Distinguishable and Not Persuasive.**

In her opposition, Everton cites numerous cases to support her contention that motions to dismiss FLSA claims on willfulness grounds are generally denied or should be denied despite the conclusory allegations alleged. Most of the cases, however, do not deal with motions to dismiss.[1] While those cases address whether or not factual evidence developed during discovery supported a finding of willfulness, they do not address the need to properly plead facts that will support a claim of willfulness.

As for cases cited that address motions to dismiss, one case from a foreign jurisdiction (*Henry v. Nannys for Grannys Inc.*, --- F. Supp. 3d ---, 2015 WL 260572 (E.D.N.Y. Jan. 15, 2015)), relies upon a case that predates the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). By contrast, the post-*Iqbal* cases cited by Host in its opening brief (ECF No. 3 at pp. 9-14) clarify that a plaintiff must allege facts that would support a claim of willfulness – facts which the plaintiffs do not allege here. As pointed out in Host's Motion to Dismiss, however, the facts alleged in the Complaint do not allow for the possibility that Everton can show willfulness because they don't address anything the FLSA requires. As a result, Host's Motion to Dismiss to her claims should be granted.[2]

---

[1] This includes the pre-*Iqbal* Tenth Circuit decision, *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983), in which the Tenth Circuit considered not only the size and complexity of the employer's operations, but also their bookkeeping practices, to determine whether the district court erred in ruling on willfulness with regard to deducting cash register shortages from employees' wages. *See Donovan*, 725 F.2d at 84-85.

[2] The Rhode Island District Court case cited by Everton, *Lagasse v. Flextronics Am., LLC,* 11-445ML, 2012 WL 2357442 (D.R.I. June 1, 2012), is distinguishable. In *Lagasse*, the Court determined that the plaintiff, who was pursuing a collective action, had alleged sufficient factual

With respect to Everton's arguments concerning Paragraphs 1 through 28 of the Complaint, she relies heavily upon a case from the Southern District of California that Everton's own counsel brought against another employer, *Kellgren v. Petco Animal Supplies, Inc.*, Civil No. 13cv644-L (KSC), 2014 WL 2558688 (S.D. Cal. Jun. 6, 2014). Plaintiff's reliance on this case actually betrays her argument. Given that Everton happens to allege the exact same "facts" that her counsel previously pled in that case with respect to labor budgets, such allegations are manifestly conclusory, and not factual, in this circumstance. Pleading is not supposed to be a game of cookie-cutter filing where the plaintiff can throw unsubstantiated allegations at a wall and hope they withstand dismissal.

**B. Everton Continues to Mischaracterize Mr. Lauterbach's Deposition Testimony.**

In support of her claims that paragraphs 29-35 of the Complaint set forth sufficient allegations of willfulness, Everton simply reiterates her mischaracterization of Coleman Lauterbach's deposition testimony found in the Complaint. Unsurprisingly, however, plaintiff takes a razor to the transcript and only includes sound bites that only partially support her allegations without addressing the entirety of the testimony.

Host addresses these mischaracterizations in depth at pages 5-8 of its opening brief. ECF No 3. Rather than supporting the plaintiff's allegations, however, Lauterbach's testimony demonstrates, *inter alia*, that: (a) Host "regularly" analyzes the work that specific ASMs perform and trains employees regarding how to "make sure that people are doing exempt work that are

---

material to satisfy the pleading standard. *Id.* at *8. The Court did not, however, hold generally that a plaintiff can plead willfulness without sufficient factual support and avoid Rule 12 dismissal. *Id.* Further, the plaintiff in *Lagasse* alleged specific instances when he requested information regarding why he was not paid overtime. No such factual allegation is present here.

assigned to exempt jobs" (*See* Exhibit A, Lauterbach Dep. at 56:8-12 & 20-23, 78:12-81:23, 85:6-18, 104:15-17); (b) Lauterbach has personally spoken with ASM's and their managers, as well as others in the human resources department, about ASM job duties (*id. at 78:12-18, 80:19-81:11, 85:6-18, 33:21-24, 56:8-19, 81:17-23, 82:3-21, 104:12-18)*; and (c) Host has considered the relevant Department of Labor factors in determining exempt status (including the relative importance of the exempt duties as compared with other types of duties, the amount of time spent performing exempt work, the employee's relative freedom from direct supervision and the relationship between ASM's wages and hourly-employees' wages) (*id.* at 16, 35-36, 44-48, 50-51, 54-57, 69, 75, 79-82, 85, 96-98, 101-105, 107-108, 111, 121). There is nothing in Lauterbach's deposition transcript that provides factual support for any allegations of willfulness, and a review of Lauterbach's deposition demonstrates that the allegations in the Complaint are a sham, as they are contradicted by his actual testimony, as set forth in the Motion to Dismiss. Plaintiff cannot rely on snippets of this testimony and ignore others that stand for the opposite of the proposition for which she cites it.

### C. The *Dorvil v. HMS Host, Inc.* Decision is Persuasive.

Everton asserts that the Southern District of Florida's grant of summary judgment in Host's favor in *Dorvil v. HMS Host, Inc.,* Case No. 12-2333 (S.D. Fla. Mar. 5, 2013), is somehow irrelevant to any determination of willfulness here because it post-dated Host's determination of Everton as being exempt. Everton mischaracterizes the purpose and relevance of *Dorvil* to this motion. Host does not assert that it based the determination of the Everton's exempt status on *Dorvil*. Instead, *Dorvil*'s inclusion confirms that if a federal district court has

found that a Host ASM was exempt as a matter of law, it was not reckless for Host, on the same evidence, to conclude the same.

## CONCLUSION

Plaintiff's case requires a finding of willfulness for which she cannot even identify sufficient evidence and that is amply rebutted by the testimony of the very witness she cites. For all of these reasons, defendant's motion to dismiss should be granted.

Dated: August 3, 2015                                  Respectfully submitted,

                                            HOST INTERNATIONAL, INC.

By:   */s/Matthew H. Parker*
       Matthew H. Parker (#8111)
       WHELAN, CORRENTE, KINDER & SIKET LLP
       100 Westminster Street, Suite 710
       Providence, RI 02903
       Telephone: (401) 270-4500
       Facsimile: (401) 270-3760
       mparker@wckslaw.com

       - and –

       *s/ Gregory V. Mersol*
       Gregory V. Mersol (*pro hac vice*)
       Jeffrey R. Vlasek (*pro hac vice*)
       **BAKER & HOSTETLER LLP**
       3200 PNC Center
       1900 East Ninth Street
       Cleveland, OH  44114-3485
       Telephone: (216) 621-0200
       Facsimile: (216) 696-0740
       gmersol@bakerlaw.com
       jvlasek@bakerlaw.com

       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Matthew H. Parker*